## THE TOLEDO & OHIO CENTRAL RY. CO. ET AL. *v.* THE INCORPORATED VILLAGE OF HARTFORD ET AL.

*Municipal corporations—Ordinance for construction of sidewalk —Injunction does not lie, when—Resolution granting use of street—Not a vacation or grant to railway, when.*

1. A municipal corporation having passed an ordinance in proper and legal form under favor of Section 3853, General Code, for the construction of a sidewalk by the abutting property owners along a certain street, a suit to enjoin the city from proceeding under the ordinance with the construction of the sidewalk will be dismissed where the passing of the ordinance is the only step taken by the city at the time the suit is brought.

2. A resolution passed by a village council providing that for certain consideration a railway company should have the use and occupation of a specified street is neither a grant to the company of the land within the bounds of the street nor a vacation of the street, but at most is a permission to the company to occupy the street for railway purposes.

(Decided October 7, 1921.)

APPEAL: Court of Appeals for Licking county.

*Messrs. Doyle & Lewis* and *Mr. Frederick W. Gaines,* for plaintiffs.

*Messrs. Fitzgibbon, Montgomery & Black,* for defendants.

HAMILTON, P. J. This case comes into this court on appeal from a judgment of the court of common pleas of Licking county in favor of the defendants.

The plaintiffs seek to enjoin the defendant village of Hartford from proceeding under an ordinance passed by the council of the village, providing for the construction of certain sidewalks. It ap-

pears that the village passed a resolution or an ordinance for the construction of a sidewalk along Smith street in said village, between the termini therein mentioned. The passing of this ordinance was the only step taken by the village. No notices were served upon the abutting property owners of the passage of the ordinance; neither were there any plans or profiles on file at the time of the passing of the ordinance.

The allegations of the petition on which the claim for injunction is based are in substance: That the street known as Smith street, mentioned in the ordinance, was, prior to the passage of the ordinance, vacated by the village, and the use and occupation of the land granted to The Toledo & Ohio Central Railway Company, one of the plaintiffs; that no notice of the proposed improvement was served on any of the plaintiffs; that the proposed improvement is of no benefit; and that the ordinance is indefinite, uncertain, and not in conformity to law, and the improvement if made, and the assessment if levied, would be taking the property of plaintiffs without compensation.

The passing of the ordinance by council was authorized by Section 3853, General Code, and was the first step in the proceeding to secure the construction of the sidewalks. After the passage of the ordinance, notice is required to be given to the abutting property holders, and, thereupon, the abutting property owner has fifteen days in which to construct the sidewalk, and his failure so to do lodges in the village the authority to construct, and to assess the costs against the property. No plans or profiles are prerequisite to the passing of the ordinance. Such are only required when the sidewalk is

constructed by the municipality as a general street improvement, when a resolution of necessity must be passed.

The ordinance passed by council designated the street along which the sidewalk should be constructed, and the termini thereof, and, as above stated, nothing further was done preceding the bringing of this action. Plaintiffs cannot complain that no notices were given, for the reason that the proceeding of council was stopped by the plaintiffs' suit, and no opportunity for the giving of the notices was had by defendant. This complaint is groundless at this stage of the proceedings.

On its face the ordinance is in proper, definite and legal form. That the lines of Main street may be irregular, or unascertained, would not entitle the plaintiffs to an injunction. The force of the ordinance is that the abutting property owners should construct the sidewalk in front of their abutting premises.

If the plaintiffs were not the owners of the abutting property as designated in the ordinance, or, stated otherwise, if their property did not abut the street, they would not be in default for disregarding the ordinance or notice, if notice was served; nor could an assessment for the construction be made against their property. Certainly the village could not proceed to construct until fifteen days after notice was given. There is no evidence that the village was proceeding to construct without the giving of notices.

In proceeding under the ordinance, should the village invade the private property of any of the owners, the parties would have their remedy by injunction. Further, if an invalid assessment were made,

or attempted to be made, they would likewise have their remedy to enjoin the collection of it.

Council has passed a proper ordinance. It has not been shown and we cannot presume that in case the abutting property owners should not comply with the ordinance and construct the sidewalk in front of their respective premises the village would thereupon proceed to invade private property in constructing such sidewalks, and without notice.

The claim is made that the village has vacated Smith street, which is the street under consideration, and that the same is owned by the railway company by virtue of a certain resolution passed by the village council in 1880. In that resolution it was provided that in consideration of the construction of a depot, and other considerations, the railway company should have the use and occupation of Smith street. No steps were taken by the village council under the statute to vacate the street. The village council had no power to grant a public street of a municipality to the railway company by simply passing a resolution to that effect. The most that can be said for the resolution is that it permitted the railway company to occupy the street for railway purposes. This cannot be construed to be a grant to the company of the land within the bounds of the street, nor a vacation of the street. If the language of the resolution warranted that construction it would not bind the village. The village council was without power to make a valid grant prejudicial to the interests of the public. *Elster* v. *Springfield,* 49 Ohio St., 82, and cases cited.

It is further urged that the railroad has exclusively used and occupied the street for railroad purposes since 1880, and has acquired title by prescription.

The evidence is that the public used the street jointly with the railroad, and has used the same continuously, as other public streets are used in the village. The occupancy of Smith street by the railway company was not exclusive and not based on any grant, and, it, therefore, acquired no prescriptive title. *Elster* v. *Springfield, supra.*

Complaint is made that the proposed sidewalk would be of no benefit to the respective parcels of land of plaintiffs. This goes to the discretion of council, and, unless that discretion has been abused, the court will not interfere. The evidence fails to show such an abuse of discretion as to call for interference by the court.

We find on the issues in favor of the defendants. The injunction will be refused, and the petition dismissed.

*Judgment for defendants.*

CUSHING and BUCHWALTER, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges SHIELDS, PATTERSON and HOUCK of the Fifth Appellate District.